CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 31 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARSHA LAMBERT MAINES, ) | |
| ) | |
| Appellant, ) | Civil Action No. 3:15CV00056 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WILMINGTON SAVINGS FUND ) | By: Hon. Glen E. Conrad |
| SOCIETY, FSB, D/B/A CHRISTIANA ) | Chief United States District Judge |
| TRUST AS TRUSTEE OF THE ) | |
| CREDIT OPPORTUNITIES TRUST, ) | |
| ) | |
| Appellee. ) | |

Marsha Lambert Maines, proceeding pro se, filed this appeal from a decision of the United States Bankruptcy Court for the Western District of Virginia, in which the bankruptcy court overruled Maines' objection to a claim filed by Wilmington Savings Fund Society, D/B/A Christina Trust as Trustee of the Residual Credit Opportunities Trust ("Wilmington"); denied Maines' motion to strip Wilmington's lien; and granted Wilmington's motion for relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(4). The bankruptcy court's decision was affirmed by this court on July 1, 2016. Maines has now filed a "motion for issuance of mandamus petition" and a "motion for declaratory/summary judgment."

In the first motion, Maines seeks a writ of mandamus directed to the Supreme Court of Virginia and state officials. "Mandamus relief is available only when the petitioner has a clear right to the relief sought." Frazier v. French, 63 F. App'x 659, 660 (4th Cir. 2003) (citing In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1998)). It is well settled that "[t]his court does not have jurisdiction to grant mandamus relief against state officials, or to review state court orders." Frazier, 63 F. App'x at 660 (citing Gurley v. Superior Court of Mecklenburg

County, 411 F.2d 586, 587 (4th Cir. 1969)); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). Thus, the relief sought by Maines is not available by way of mandamus. Accordingly, her motion seeking such relief must be denied.

In the second motion, styled as a "motion for declaratory/summary judgment," the plaintiff appears to seek reconsideration of the court's opinion and order affirming the bankruptcy court's decision. Consequently, the court construes the filing as a motion for rehearing under Federal Rule of Bankruptcy Procedure 8022 (formerly Rule 8015), which "provides the sole mechanism for filing a motion for rehearing from a final order of the district court sitting in [its] capacity" as a bankruptcy appellate court. Bli v. USA Farm Serv. Agency, 465 F.3d 654, 658 (6th Cir. 2006) (internal quotation marks and citation omitted); see also Aycock v. Eaton, 943 F.2d 536, 538 (5th Cir. 1991) (same).

Under Rule 8022, a motion for rehearing must be filed within fourteen days after entry of judgment. Fed. R. Bank. P. 8022. The rule further provides that the "motion must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." Id. Petitions for rehearing function to ensure that the court properly considered all relevant information in reaching its decision; they should not be used to "simply reargue the plaintiff's case or assert new grounds." Baumhaft v. McGuffin, No. 4:06-CV-3617-RBH, 2007 U.S. Dist. LEXIS 78480, at *2 (D.S.C. Oct. 22, 2007) (citing Sierra Club v. Hodel, 848 F.2d 1068, 1100-01 (10th Cir. 1988)).

Applying these principles, the court concludes that Maines is not entitled to rehearing. The instant motion was not filed within the fourteen-day period specified in Rule 8022, and it does not "state with particularity each point of law or fact" that Maines believes the court

"overlooked or misapprehended." Fed. R. Bank. P. 8022. To the extent Maines seeks to reargue her case or present new arguments, relief is not authorized under Rule 8022.

For the reasons stated, the court must deny Maines' motion for writ of mandamus and her motion for rehearing. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the appellant and all counsel of record.

DATED: This 31st day of October, 2016.

                                                                                          /s/ Glen Conrad
                                                            Chief United States District Judge